```
 1  DANIEL G. BOGDEN
    United States Attorney
 2  Nevada State Bar No. 2137
    MICHAEL A. HUMPHREYS
 3  Assistant United States Attorney
    Lloyd D. George United States Courthouse
 4  333 Las Vegas Boulevard South, Suite 5000
    Las Vegas, Nevada 89101
 5  Telephone: (702) 388-6336
    Facsimile: (702) 388-6787
 6  Counsel for Plaintiff
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                    )<br>            Plaintiff,              )<br>                                    )<br>        v.                          )    2:12-CV-1351-JCM-(PAL)<br>                                    )<br>$47,842.90 IN GOLD, SILVER AND      )<br>COPPER COINS SEIZED FROM BOX        )<br>NO. 3258 AT 24/7 PRIVATE VAULTS,    )<br>                                    )<br>$29,020.00 IN UNITED STATES         )<br>CURRENCY AND $8,700.00 IN SILVER    )<br>COINS SEIZED FROM BOX NO. 0454      )<br>AT 24/7 PRIVATE VAULTS,             )<br>                                    )<br>            Defendants.             ) | |

**SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGMENT OF FORFEITURE AS TO MICHAEL TERZIAN AND MELINE TERZIAN, AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States Attorney, and MICHAEL TERZIAN and MELINE TERZIAN and their counsel, Jerry Kaplan, Esq. and Joseph Benincasa, Esq., respectively, stipulate as follows:

. . .

1. This case is a civil forfeiture action seeking to forfeit $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults under Title 18, United States Code, Section 981(a)(1)(A), (a)(1)(C), and (b)(1).

2. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to the civil judicial forfeiture of the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

3. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to forfeit the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

4. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to relinquish all right, title, and interest in the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

5. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to waive their rights to any civil judicial forfeiture proceedings ("proceedings") concerning the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

6. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to waive service of process of any and all documents that have been filed or should have been filed in this action or any proceedings concerning the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults arising from the facts and circumstances of this case.

. . .

7. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to waive any further notice to them, their agent, or their attorneys regarding the forfeiture and disposition of the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

8. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree not to file any claim, answer, petition, or other documents in any proceedings concerning the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

9. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to withdraw any claims, answers, counterclaims, petitions, or other documents they filed in any proceedings concerning the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

10. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to waive the statute of limitations, the CAFRA requirements, Fed. R. Civ. P. Supp. Rule A, C, E, and G, the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

11. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to waive their rights to a trial on the forfeiture of the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

12. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double

jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

13. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to the entry of a Judgment of Forfeiture of the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

14. MICHAEL TERZIAN and MELINE TERZIAN understand that the forfeiture of the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on MICHAEL TERZIAN and MELINE TERZIAN in addition to forfeiture.

15. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to the conditions set forth in this Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to MICHAEL TERZIAN and MELINE TERZIAN and Order ("Settlement Agreement").

16. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Federal Bureau of Investigation, the Department of the United States Treasury, their agencies, their agents, and their employees from any claim made by MICHAEL TERZIAN and MELINE TERZIAN or any third party arising out of the facts and circumstances of this case.

17. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily release and forever discharge the United States, the United States Department of Justice, the United States

4

Attorney's Office for the District of Nevada, the Federal Bureau of Investigation, the Department of the United States Treasury, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that MICHAEL TERZIAN and MELINE TERZIAN either individually or collectively now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

18. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily acknowledge, understand, and agree that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this agreement, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this settlement do not affect the tax obligations fines, penalties, or any other monetary obligations owed to the United States or an individual state; and (e) the exact sum delivered to Jerry Kaplan, Esq. and Joseph Benincasa, Esq., on behalf of them, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

19. After the property is forfeited in the civil and criminal cases and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to MICHAEL TERZIAN and MELINE TERZIAN one payment of Twenty-Five percent (25%) the value of $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults, less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through Jerry Kaplan, Esq. and Joseph Benincasa, Esq. MICHAEL TERZIAN

and MELINE TERZIAN knowingly and voluntarily agree to fill out the Department of the United States Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer. MICHAEL TERZIAN and MELINE TERZIAN knowingly and voluntarily agree that Twenty-Five percent (25%) the value of $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults, may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

20. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

21. The Settlement Agreement contains the entire agreement between the parties.

22. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

23. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

24. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear his/her/their or its own attorneys' fees, expenses, costs, and interest.

26. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for

one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults and $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults.

DATED: 6-12-13
KAPLAN, KENEGOS & KADIN

_____
JERRY KAPLAN, ESQ.
Counsel for MICHAEL TERZIAN and
MELINE TERZIAN

DATED: 6-12-13
KAPLAN, KENEGOS & KADIN

_____
JOSEPH BENINCASA, ESQ.
Counsel for MICHAEL TERZIAN and
MELINE TERZIAN

DATED: 6-12-13

_____
MICHAEL TERZIAN

DATED: 6-12-13

_____
MELINE TERZIAN

DATED: 6/12/13

DANIEL G. BOGDEN
United States Attorney

_____
MICHAEL A. HUMPHREYS
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: July 9, 2013

7