DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
U.S. Attorney's Office
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *michael.humphreys@usdoj.gov*
Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:12-CV-1351-JCM-(PAL) |
| | ) |
| $47,842.90 IN GOLD, SILVER AND COPPER COINS SEIZED FROM BOX NO. 3258 AT 24/7 PRIVATE VAULTS, | ) ) ) |
| | ) |
| $29,020.00 IN UNITED STATES CURRENCY AND $8,700.00 IN SILVER COINS SEIZED FROM BOX NO. 0454 AT 24/7 PRIVATE VAULTS, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFAULT JUDGMENT OF FORFEITURE**

The United States filed a verified Complaint for Forfeiture in Rem (ECF No. 1) on July 31, 2012. The Complaint (ECF No. 1) alleges the defendant property:

      a.    constitute or are derived from proceeds traceable to violations of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses and are, therefore, subject to seizure pursuant to 18 U.S.C. § 981(b), and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c);

b.  are involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956, or are properties traceable to such properties, and are, therefore, subject to seizure pursuant to 18 U.S.C. § 981(b), and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from September 29, 2012, through October 28, 2012. Notice of Filing Proof of Publication, ECF Nos. 6 and 7.

On September 20, 2012, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice (ECF No. 4) and issued the Summons and Warrant of Arrest in Rem for the Property (ECF No. 5).

Pursuant to the Order (ECF No. 4), the Complaint (ECF No. 1), the Order (ECF No. 4), the Summons and Warrant (ECF No. 5), and the Notice of Complaint for Forfeiture (ECF No. 19, p. 4-5, 20-21, 36-37, 52-53, 70; ECF No. 20, p. 1, 17-18, 33-34, 49-50, 65-66; ECF No. 20-1, p. 11-12, 27-28, 43-44, 59-60) were served on the defendant property and all persons claiming an interest in the defendant property.  All persons interested in the defendant property were required to file their claims with the Clerk of the Court no later than 35 days after the notice of this action was sent by mail, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective claims. Complaint, ECF No. 1; Order for Summons and Warrant of Arrest in Rem for the Property and Notice, ECF No. 4; Summons and Warrant Issued by the Clerk, ECF No. 5; Notice of Filing Service of Process, ECF Nos. 19, 20, 20-1.

On October 18, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 19, p. 3-34.

On October 10, 2012, the United States Marshals Service personally served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Meline Terzian. Notice of Filing Service of Process, ECF No. 19, p. 35-50.

On October 26, 2012, the United States Marshals Service personally served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Michael Terzian. Notice of Filing Service of Process, ECF No. 19, p. 51-66.

On October 10, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Michael Terzian and Meline Terzian, by and through their counsel Jerry Kaplan, by regular mail and certified return receipt mail. Notice of Filing Service of Process, ECF No. 19, p. 6-70; ECF No. 20, p. 1-31.

On October 17, 2012, the United States Marshals Service personally served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Aurel Petroiu. Notice of Filing Service of Process, ECF No. 20, p. 32-47.

On January 15, 2013, the United States Marshals Service personally served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Vladimir Budestean. Notice of Filing Service of Process, ECF No. 20, p. 48-63.

On January 8, 2013, the United States Marshals Service personally served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Vladimir Budestean, by and through his counsel Eric P. Roy. Notice of Filing Service of Process, ECF No. 20, p. 64-70; ECF No. 20-1, p. 1-9.

On January 8, 2013, the United States Marshals Service personally served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Delyana Nedyalkova. Notice of Filing Service of Process, ECF No. 20-1, p. 10-25.

On January 18, 2013, the United States Marshals Service personally served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Delyana Nedyalkova, by and through her counsel Herbert Sachs. Notice of Filing Service of Process, ECF No. 20-1, p. 26-41.

. . .

. . .

On January 8, 2013, the United States Marshals Service personally served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Eduard Petroiu. Notice of Filing Service of Process, ECF No. 20-1, p. 42-57.

On January 11, 2013, the United States Marshals Service personally served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Eduard Petroiu, by and through his counsel Xavier Gonzales. Notice of Filing Service of Process, ECF No. 20-1, p. 58-73.

On November 14, 2012, a Verified Claim in Forfeiture was filed with the Court by Michael Terzian. Verified Claim in Forfeiture, ECF No. 8.

On November 14, 2012, a Verified Claim in Forfeiture was filed with the Court by Meline Terzian. Verified Claim in Forfeiture, ECF No. 9.

On December 5, 2012, an Answer of Claimants Michael Terzian and Meline Terzian to Complaint for Forfeiture In Rem was filed with the Court. Answer to Complaint for Forfeiture In Rem, ECF No. 10.

On July 8, 2013, a Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Michael Terzian and Meline Terzian, and Order was filed with the Court. Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Michael Terzian and Meline Terzian, and Order, ECF No. 22.

On July 10, 2013, the Court entered the Settlement Agreement, Stipulation for Entry for Judgment of Forfeiture as to Michael Terzian and Meline Terzian, and Order. Order, ECF No. 23.

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

Aurel Petroiu is not in the military service within the purview of the Servicemembers Civil Relief Act.

Vladimir Budestean is not in the military service within the purview of the Servicemembers Civil Relief Act.

Delyana Nedyalkova is not in the military service within the purview of the Servicemembers Civil Relief Act.

Eduard Petroiu is not in the military service within the purview of the Servicemembers Civil Relief Act.

On July 16, 2013, the United States filed a Request for Entry of Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. Request for Entry of Default, ECF No. 24.

On July 17, 2013, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. Default, ECF No. 25.

The allegations of the Complaint are sustained by the evidence and should be adopted as findings of fact.  The Court should conclude as a matter of law that the United States is entitled to the relief requested in the Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture be entered against: (1) the $47,842.90 in Gold, Silver and Copper Coins seized from Box. No. 3258 at 24/7 Vaults; (2) the $29,020.00 in United States Currency and $8,700.00 in Silver Coins seized from Box No. 0454 at 24/7 Private Vaults; (3) Aurel Petroiu; (4) Vladimir Budestean; (5) Delyana Nedyalkova; (6) Eduard Petroiu; and (7) all persons or entities who claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

DATED August 8, 2013.

_____
UNITED STATES DISTRICT JUDGE